IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                        ) | CASE NO. CR418-171 |
| ) | |
| Lance Spencer,            ) | |
| ) | |
| Defendant.          ) | |
| ) | |

## O R D E R

Before the Court is Defendant Lance Spencer's Motion for Compassionate Release (Doc. 38) and the Government' Motion to Dismiss Defendant's Motion for Compassionate Release (Doc. 40). For the following reasons, The Government's motion (Doc. 40) is **GRANTED** and Defendant's motion (Doc. 38) is **DISMISSED**.

### BACKGROUND

In October 2018, Defendant pleaded guilty to possession of a of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Docs. 27) Defendant was sentenced to a total term of 120 months' imprisonment. (Doc. 34 at 2.) According to the Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina with a projected release date of October 9, 2026. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on October 8, 2020).

**ANALYSIS**

In his motion, Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 38 at 1.) In his motion, Defendant seeks release based on a change in law since he was sentenced and the death of his children's mother. (Id.) The Government moves to dismiss Defendant's motion on the ground that Defendant has failed to fully exhaust his administrative remedies. (Doc. 40 at 1.) The Court finds that Defendant's motion (Doc. 38) should be dismissed.

I. HOME CONFINEMENT

First, to the extent Defendant is seeking an order from this Court placing him on home confinement, his request is due to be dismissed. A request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, is different than a request for sentence reduction based upon compassionate release. Under Section 12003(b)(2) of the CARES Act, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the BOP is permitted to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." United States v. Allen, No. 2:14-cr-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020). Thus, the BOP is utilizing its authority under

18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. Id. at *1. This Court lacks the authority to order the BOP to release a prisoner on home confinement. See United States v. Calderon, F. App'x 730, 731 (11th Cir. 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); see also Allen, 2020 WL 2199626, at *1 ("These statutes do not authorize a federal court to order the BOP to release a prisoner."); United States v. Greene, No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020). Thus, to the extent Defendant is seeking an order from this Court placing him on home confinement, Defendant's motion is **DISMISSED**.

II. COMPASSIONATE RELEASE

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's

3

warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Before a defendant may bring a motion for compassionate release, one of two events must have occurred: (1) the defendant has fully exhausted their administrative remedies with the BOP; or (2) thirty days have lapsed from receipt of the defendant's request by the warden of his facility. 18 U.S.C. § 3582(c)(1)(A). If a defendant fails to demonstrate exhaustion as required by the statute, the Court is without jurisdiction to consider his motion for compassionate release. See United States v. Smith, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 5, 2020) ("Supreme Court precedent dictates that it is not within a court's discretion to waive or excuse the failure to satisfy a statute's exhaustion requirement.") (citing Ross v. Blake, 136 S. Ct. 1850, 1857, 195 L.Ed.2d 117 (2016)); United States v. Pearson, No. 8:17-cr-507-T-02AEP, 2020 WL 5094839, at *2 (M.D. Fla. Aug. 28, 2020).

In this case, Defendant submitted a request to the Warden of his facility on August 23, 2020. (Doc. 40, Attach. 1 at 1.)

Defendant does not allege that he exhausted his administrative remedies with the BOP or that the Warden denied his request. Further, Defendant filed his motion for compassionate release with the Court on September 8, 2020, only sixteen days after making his request to the Warden. (Doc. 38.) Accordingly, Defendant has failed to demonstrate that he has fully exhausted his administrative remedies or that thirty days lapsed from the time the Warden received his request. See United State v. Rodriguez-Bergerano, No. 8:12-cr-558-T-33AEP, 2020 WL 3000737, at 2* (M.D. Fla. June 4, 2020) (denying defendant's motion where Defendant failed to exhaust his administrative remedies or show lapse of thirty days). As a result, the Government's motion to dismiss Defendant's motion (Doc. 40) is **GRANTED** and Defendant's motion (Doc. 38) is **DISMISSED**.

## CONCLUSION

Accordingly, the Government's Motion to Dismiss (Doc. 40) is **GRANTED** and the Defendant's Motion for Compassionate Release (Doc. 38) is **DISMISSED**.

SO ORDERED this 8th day of October 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5