IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR418-171 |
| ) | |
| LANCE SPENCER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# O R D E R

Before the Court is Defendant Lance Spencer's Motion for Compassionate Release (Doc. 42) and the Government's Motion to Dismiss Defendant's Motion for Compassionate Release (Doc. 45). For the following reasons, the Government's motion (Doc. 45) is **DENIED** and Defendant's motion (Doc. 42) is **DENIED**.

## BACKGROUND

In October 2018, Defendant pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 27.) Defendant was sentenced to a total term of 120 months' imprisonment. (Doc. 34 at 2.) According to the Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina with a projected release date of October 9, 2026. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on January 3, 2021).

**ANALYSIS**

In his motion, Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 42 at 1.) Specifically, Defendant seeks release based on the death of his children's mother.[1] (Id. at 2.) The Government moves to dismiss Defendant's motion on the ground that Defendant has failed to fully exhaust his administrative remedies. (Doc. 45 at 1.) Alternatively, the Government argues that Defendant's claims do not rise to the level of "extraordinary and compelling" as required by § 3582(c)(1)(A) and, even if they did, the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing defendant. (Id.) For the following reasons, the Court finds that Defendant's motion (Doc. 42) is due to be denied.

I.  ELIGIBILITY FOR COMPASSIONATE RELEASE

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

---

[1] In his motion, Defendant also argues that compassionate release is warranted because his conviction was rendered unconstitutional by the Supreme Court's ruling in Rehaif v. United States, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019). (Doc. 42 at 3-4.) The Court construes Defendant's arguments as collateral attacks on his conviction and sentence and finds that Defendant's arguments are more appropriately raised in a § 2255 motion. See United States v. Cutchens, No. CR 609-044, 2020 WL 1492539, at *1 (S.D. Ga. Mar. 13, 2020); United States v. Davis, No. CR 612-001-2, 2020 WL 4910297, at *1 (S.D. Ga. Aug. 20, 2020) ("To pursue these grounds for relief, which attack the legality of his sentence, [defendant] must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or correct his sentence."). Accordingly, Defendant's motion is **DISMISSED** to the extent it seeks to collaterally attack his sentence or conviction.

>   motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

In this case, Defendant submitted a reduction in sentence ("RIS") request to the Warden of his facility on August 23, 2020. (Doc. 45, Attach. 1.) In his RIS request, Defendant claimed that his children's mother had perished in a house fire and requested a reduction in his sentence based on this tragic occurrence. (Id.) On September 16, 2020, the Warden denied Defendant's request because Defendant failed to provide adequate documentation supporting his claims that he is the father of the children in question and that he is the sole available caregiver for those children. (Doc. 42 at 6.) Defendant filed his motion for

3

compassionate release on November 9, 2020, over thirty days after the Warden received his RIS request. Accordingly, the Court finds Defendant has exhausted his administrative remedies with respect to his motion based on the death of his children's mother.[2] United States v. Smith, No.: 3:97-cr-120-J-34PDB, 2020 WL 5106694, *3-4 (M.D. Fla. Aug. 31, 2020) (finding the defendant satisfied the § 3582(c)(1)(A) exhaustion requirement by filing motion with the district court "more than 30 days after submitting his request" to the warden); see also United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days [of submitting a request to their warden], no matter the appeals available to them."). The Government's motion to dismiss is

---

[2] The Government contends Defendant did not exhaust his administrative remedies with respect to the death of his children's mother because he did not provide the BOP with sufficient documentation supporting his claims. (Doc. 45 at 8-9.) The Government provides several cases in support of its proposition. (Id.) In these cases, courts found defendants did not satisfy the § 3582(c)(1)(A) exhaustion requirement when they failed to respond to an affirmative request from the BOP for additional information regarding their compassionate release claim. E.g., United States v. Currie, No. CR 107-077, 2020 WL 1929136, at *2 (S.D. Ga. Apr. 21, 2020) ("[The defendant] has not fully exhausted his administrative remedies because he failed to respond to the BOP's request for additional information to support his claim."). However, despite the Government's attempt to characterize the Warden's response as a request for additional documentation, in this case the Warden requested no additional information from Defendant before denying his claim. (Doc. 42 at 6; Doc. 45 at 8.) Because Defendant had no opportunity to supplement his RIS request, the Court rejects the Government's argument that defendant failed to exhaust his administrative remedies.

4

therefore **DENIED**. The Court must now consider whether Defendant's family circumstances qualify as "extraordinary and compelling reasons" justifying compassionate release.

II. <u>EXTRAORDINARY AND COMPELLING REASONS</u>

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. <u>See</u> U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. <u>Id.</u> n.1(D).[3]

---

[3] To the extent Defendant argues that his circumstances fall within the catch-all provision of § 1B1.13 n.1(D), Defendant's argument is misplaced. The catch-all provision provides: **"As determined by the Director of the [BOP]**, there exists in the

5

Defendant contends that the death of his children's mother constitutes an extraordinary and compelling reason under U.S.S.G. § 1B1.13 n.1(C). (Doc. 42 at 2.) There are two categories of family circumstances that constitute extraordinary and compelling reasons: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children[; or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, n.1(C). The BOP offers further guidance on the application of the family circumstances category in Program Statement § 5050.50. "[I]n the case of an incapacitated family member caregiver, the [defendant] must provide, inter alia, verifiable medical documentation of the incapacitation, a clear statement and documentation of a release plan, and letters or documentation confirming that the family member was, in fact, caring for the child while the [defendant]

---

defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. U.S.S.G. § 1B1.13 n.1(D) (emphasis added). However, "relief under Subsection (D) requires a finding from the BOP that the inmate has extraordinary circumstances that merit relief outside of those circumstances specifically enumerated in the policy." United States v. Mollica, No. 2:14-CR-329-KOB, 2020 WL 1914956, at *4 (N.D. Ala. Apr. 20, 2020); see also United States v. Willingham, No. CR113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019). "[B]ecause [Defendant] does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to afford [him] relief," compassionate release is not justified at this time. Willingham, 2019 WL 6733028, at *2.

6

was in prison and immediately prior to the incapacitation and that the family member is the only family member caregiver capable of caring for the [defendant's] children." United States v. Lambert, CR 116-079, 2020 WL 5949627, at *2 (S.D. Ga. Oct. 7, 2020).

The Court finds that Defendant has failed to provide sufficient evidence that he is the only family member caregiver capable of caring for his children. In his motion, Defendant included the affidavit of Shirley Lyles, his children's maternal grandmother. (Doc. 42 at 5.) In her affidavit, Ms. Lyles claims to have been taking care of the children since February 25, 2019. (Id.) While Ms. Lyles states that Defendant would be able to "help [her] out financially and physically" with raising the children, this statement does not show that Defendant is the "sole" caregiver capable of caring for the children. Further, Defendant states that, if released, he and his children would reside with his children's aunt—another potential caregiver for the children. Lambert, 2020 WL 5949627, at *2 (finding defendant's claim that no other family member can care for his children "is belied by his plan to move himself and the children into his mother's home upon release"). As a result, the Court finds that Defendant has not demonstrated that compassionate release is warranted in his case and Defendant's motion (Doc. 42) is **DENIED**.

7

## III. CONSIDERATION OF THE § 3553(a) SENTENCING FACTORS

Even had Defendant presented extraordinary and compelling reasons justifying compassionate release, the Court would still find the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. In considering a defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must consider the factors set forth in § 3553(a). Section 3553(a) provides the following factors for the Court's consideration:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed—
    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. to afford adequate deterrence to criminal conduct;
    C. to protect the public from further crimes of the defendant; and
    D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentence and the sentencing range established . . .;
5) any pertinent policy statement . . .;
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7) the need to provide restitution to any victims of the offense.

Courts may, even after finding a defendant eligible for compassionate release, find that the § 3553(a) factors weigh against release. See United States v. Chambliss, 948 F.3d 691, 693-94 (5th Cir. 2020) (affirming a district court's denial of a

8

defendant's motion for compassionate release where the district court found that, although the defendant's terminal liver cancer was an extraordinary and compelling reason for compassionate release, the § 3553(a) factors weighed against a sentence reduction); United States v. Rodd, 966 F.3d 740, 748 (8th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release based on the § 3553(a) factors); United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. 2020) (same); United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020) (same).

In October 2018, Defendant pleaded guilty to possession of a of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 27.) Defendant was sentenced to a total term of 120 months' imprisonment. (Doc. 34 at 2.) According to the Bureau of Prisons' ("BOP") website, Defendant has over five years remaining on his sentence. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on January 3, 2020). The Court finds that releasing Defendant with five years remaining on his sentence would not reflect the seriousness of his offense or afford adequate deterrence from future offenses. See United States v. Solorio, No: 3:11-cr-138-J-32JRK, 2020 WL 6292558, at *2 (M.D. Fla. Oct. 27, 2020) (concluding a sentence reduction was not warranted under § 3553(a) where the defendant had four years remaining on his sentence);

9

United States v. Lantigua, NO: 3:16-cr-125-J-32PDB, 2020 WL 5258459, at *2 (M.D. Fla. Sept. 3, 2020) ("In view of all the § 3553(a) factors, releasing Defendant from prison six and a half years early would not be consistent with the statutory purposes of sentencing."). Accordingly, the Court finds that the § 3553(a) factors weigh against reducing Defendant's sentence.

## CONCLUSION

Accordingly, the Government's Motion to Dismiss (Doc. 45) is **DENIED** and the Defendant's Motion for Compassionate Release (Doc. 42) is **DENIED**.

SO ORDERED this 5th day of January 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

10